**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RANDY LEE MORELAND,**

    **Plaintiff,**

vs.                                    Case No. 4:23-cv-00094-WS-MAF

**COWETA COUNTY
DETENTION CENTER/JAIL,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Randy Lee Moreland, a pretrial detainee proceeding *pro se* and currently housed in Coweta County Detention Center filed a letter, which the Court liberally construes as an attempt to file a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff did not pay the $402 filing fee or file a motion to proceed *in forma pauperis* (IFP). In the letter, Plaintiff generally alleges interference with mail and filing grievances; discrimination; and complains of the conditions of detention that implicate the Eighth Amendment including having to sleep on the floor, brutality, and excessive use of force. ECF No. 1. Although Plaintiff's letter is vague, the events alleged occurred at the Coweta County Detention Center which is located in Newnan, Georgia. ECF No. 1.

Rather than direct Plaintiff to properly amend on the proper form, file a proper motion to proceed IFP, or pay the $402 filing fee, it is recommended the case be transferred to the Northern District of Georgia – Newnan Division.

## I.  Discussion

It appears that Plaintiff has filed this case in the wrong judicial district. Venue for Section 1983 actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . .

Venue appears to be appropriate in the Northern District of Georgia because this is where the events are occurring and where the defendant is. Coweta County is in the Newnan Division of the Northern District of Georgia. 28 U.S.C. § 90(a)(4).

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective

venue *sua sponte* but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. No hearing is necessary prior to directing the transfer of a case.

## II. Conclusion and Recommendation

For the reasons stated, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Northern District of Georgia - Newnan Division for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on March 13, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No. 4:23-cv-00094-WS-MAF